823 F.2d 548
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
PYRAMID CONDOMINIUM ASSOCIATION, COUNCIL OF UNIT OWNERS,
Plaintiff-Appellant,
v.
William MORGAN, Individually; William Morgan Architects,
P.A.; A.T.E.C. Associates, Inc., an Indiana
Corporation fka A.T.E.C. Associates of
Maryland, Inc., Defendant-Appellees,
v.
LOYOLA FEDERAL SAVINGS & LOAN ASSOCIATION; Maryland National
Bank; The Farms-Worcester Joint Venture, an entity comprised
of the Farms Company; Worcester Corporation; Robert E.
Scherrer, individually; Scherrer Engineering fka Scherrer,
Baumann & Associates; A.V.M. Corporation of Maryland, Inc.;
Atchison & Keller, Inc.; Howard P. Foley Company; Peter
Gordon Company, Inc.; Poole & Kent Company, Third Party Defendants.
 No. 86-3554
 United States Court of Appeals, Fourth Circuit.
 Argued Jan. 8, 1987.
Decided June 30, 1987.
 
 Robert Wells Lewis (John Edward Fricker; Lewis, Wilson, Lewis & Jones, Ltd., on brief), for appellant.
 Ralph L. Arnsorf (Howard G. Goldberg; Smith, Somerville & Case) Jay Ira Morstein (Frank, Bernstein, Conaway & Goldman, on brief), for appellees.
 Before PHILLIPS, and ERVIN, Circuit Judges, and MERHIGE, Senior United States District Judge for the Eastern District of Virginia, sitting by designation.
 PER CURIAM:
 
 
 1
 This suit was filed on April 27, 1984 by the Pyramid Condominium Association, Council of Unit Owners ('Association'), the organization controlling the common elements of the Pyramid Condominium ('Pyramid'), a multi-unit, ocean-front condominium complex built in Ocean City, Maryland in 1973, against William Morgan and William Morgan and Associates ('Morgan Associates'), the condominium's architects of record, and A.T.E.C. Associates ('ATEC'), the condominium's material and geophysical engineers. The Association complained that the Pyramid's water leakage and air conditioning problems were caused by the defendants' negligence, breaches of contract, breaches of warranty, and fraud.
 
 
 2
 On August 20, 1985 defendant ATEC filed a motion for summary judgment against the Association contending that Maryland's three-year statute of limitations barred the action from proceeding. On August 26, 1985, defendants Morgan and Morgan & Associates filed a similar motion on the same grounds.
 
 
 3
 The Pyramid, constructed in 1973, has suffered from severe water leakage and air conditioning problems since it was first built. The record, as revealed through the minutes from the Association's board of directors meetings, reflects that the Association was quite concerned with the source of these problems. Beginning in 1978 the Association hired various professionals to investigate the Pyramid. Critchfield, the first professional employed, submitted his report in June of 1978 which identified various structural defects and recommended a more extensive engineering study. Pyramid Condominium Association v. Morgan, No. JFM-84-1719, slip op. at 5 (D. Md. Jan. 31, 1986). While the Association did employ other engineers to examine the building, they did not decide to file suit until six years later in 1984. A second study done in 1978 supported Critchfield's findings; this study, performed by C. C. Murphy Company, a contractor specializing in exterior protective coating applications, reported that serious cracking and water penetration was imminent.
 
 
 4
 On appeal, the Association takes issue with the trial court's finding that it 'knew or should have known' of the alleged defects at the Pyramid when Critchfield filed his report in June, 1978. We affirm the trial court's holding.
 
 
 5
 On January 31, 1986 the Court disposed of the motions for summary judgment finding first, that there was no material issue in dispute, and second, that the Association 'knew, or should have known' of the alleged defects in the Pyramid more than three years before it filed suit in April of 1984. See Pyramid, supra, slip op. at 8. In its memorandum opinion of that date, the trial court correctly found that 'Maryland law indisputably governs the limitations question.' Pyramid, supra, slip op. at 4. Maryland law provides that 'a civil action of law shall be filed within three years from the date it accrues . . ..' Md. [Cts. & Jud. Proc.] Code Ann. Sec. 5-101 (1984).
 
 
 6
 Additionally, the trial court properly ruled that in Maryland the discovery rule governs the date when a cause of action accrues. Pyramid, supra, slip op. at 4. Under the discovery rule, a cause of action accrues when the plaintiff 'in fact knew or reasonably should have known of the wrong.' Poffenberger v. Risser, 290 Md. 631, 431 A.2d 677 (1981). The Poffenberger court further instructed that 'should have known'
 
 
 7
 . . . contemplates actual knowledge--that is, express cognition, or awareness implied from 'knowledge of circumstances which ought to have put a person of ordinary prudence on inquiry [thus, charging the individual] with notice of all facts which such an investigation would in all probability have disclosed had it been properly pursued . . .'
 
 
 8
 Poffenberger, supra 431 A.2d at 681, quoting Blondell v. Turover, 195 Md. 251, 72 A.2d 697 (1950).
 
 
 9
 Relying on the facts as stated in the record, the trial court ruled that in this case 'limitations began to run in June 1978 when plaintiff received the Critchfield report.' Pyramid, supra, slip op. at 5. The court further elaborated its ruling stating:
 
 
 10
 Prior to that time plaintiff had no reason to know that there were fundamental, structural defects at the condominium. However, in the report Critchfield expressly advised plaintiff's directors that they should have a further and more extensive engineering study conducted. This was confirmed by the C.C. Murphy report. Moreover, for several years thereafter, the problems became exacerbated, and in April 1981 plaintiff hired Schwartz to conduct another study of the water leakage problem. Yet another report was obtained from George, Miles & Buhr in mid 1982 and the suit was still not filed until almost two years later.
 
 
 11
 Id.
 
 
 12
 The trial court then stated that '[i]t is the function and responsibility of the Court, not an engineering expert hired by a plaintiff for litigation purposes, to determine whether there is sufficient evidence to submit to the jury the question of when the plaintiff reasonably should have discovered the wrong upon which his action is based.' Pyramid, supra, slip op. at 7, citing Booth Glass Co. v. Huntingfield Corp., 304 Md. 615, 619 (1985); Pierce v. Johns-Manville Sales Corp., 296 Md. 656, 664 (1983); O'Hara v. Kovens, 60 Md. App. 619, 629 (1984).
 
 
 13
 The district court then concluded as follows:
 
 
 14
 Here, the severity of the problems experienced by plaintiff, the continuing nature of those problems, the fact that as early as 1978 an engineer hired by plaintiff recommended that a more extensive inspection be conducted (including materials testing), the fact that plaintiff did not follow up on this examination and the fact that the lack of flashing--which Vannoy says would not have been discovered by a reasonable investigation--was apparent from the face of the drawings, all demonstrate that under the Poffenberger test plaintiff's action is time barred.
 
 
 15
 Pyramid, supra, at 7.
 
 
 16
 In O'Hara v. Kovens, 305 Md. 280, 503 A.2d 1313 (1986), decided on February 3, 1986, the Maryland Court of Appeals reversed the Maryland Court of Special Appeals holding that it was the duty of the jury, not the judge, to resolve factual disputes in limitations questions. Id. at 1323. Because of the potential impact of Kovens to the instant case, the trial court withdrew its order of January 31, 1986 granting defendant's motion for summary judgment and asked that counsel submit supplemental briefs addressing the Kovens, supra decision.
 
 
 17
 After reviewing the Kovens decision and the supplemental briefs filed by counsel, the Court, on February 28, 1986, reaffirmed its granting of defendants' motion for summary judgment. This appeal followed.
 
 
 18
 Kovens concerned the trial judge because it seemed, at first blush, to preclude a judge from making factual determinations on limitations issues. However, upon a more in-depth analysis of the issue, the judge concluded that the principles enunciated in Kovens did not operate exclusive of traditional summary judgment principles. Thus, the trial court ruled that since 'reasonable men, on . . . [the] record properly instructed as the applicable law, could not fail to find that the plaintiff [was] on notice more than three years before . . . suit was brought,' Pyramid Condominium Association v. Morgan, No. JFM-84-1719, slip op. at 1 (D. Md. Feb. 28, 1986), citing Kovens, supra, at 1324-25, an affirmance of its previous order granting defendant's motion for summary judgment was proper.
 
 
 19
 We find no reason to differ with the trial court and its interpretation of either Kovens or the remaining body of law in Maryland governing the statute of limitations.
 
 
 20
 The Critchfield Report dated June 12, 1978 put plaintiff on notice of the defects of which it now complains. Moreover, the record is replete with minutes from numerous meetings of the condominium's board of directors which reveal unending complaints of water leakage and faulty air conditioning. As the water and air conditioning problems worsened, the Board engaged the services of other engineers to investigate the problems, and despite their findings that the problems were serious, the Association refused to file any legal action until April 27, 1984.
 
 
 21
 Lastly, the Association argues that Morgan Associates was precluded, under the doctrine of equitable estoppel, from asserting the statute of limitations as a bar to plaintiff's claim because of Morgan's allegedly fraudulent conduct in certifying, without benefit of a personal inspection, that the condominium was built according to specifications and applicable building codes. We reject this argument on the ground that the Association was on notice of potential defects in 1978 when, as the trial court noted, infra p.3, their expert, Critchfield, identified and reported various structural defects. See Leonhart v. Atkinson, 265 Neb. 219, 289 A.2d 1, 5-6 (1972); see also Md. Cts. and Jud. Proc. Sec. 5-203 (1973).
 
 
 22
 We conclude that the Association was on notice of the injury more than three years before it filed this lawsuit, and accordingly the district court's order granting defendants' motion for summary judgment based on the running of the statute of limitations is
 
 
 23
 AFFIRMED.